IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICHELE MILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART ASSOCIATES, INC.<br><br>    Defendant. | CASE NO.:   2:24-cv-03425-RMG-MHC<br><br>**COMPLAINT** |

## COMPLAINT

Comes now, Michele Miller ("Miller" or "Plaintiff"), and files this Complaint against Defendant, ("Defendant" or "Walmart") Walmart Associates, Inc., seeking to recover damages for violations of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §2000 et seq. ("Title VII"). In support of the Complaint, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff Michele Miller is an adult citizen and resident of Eutawville, South Carolina.

2. Defendant, Walmart, is incorporated under the laws of Delaware, with its principal place of business in Bentonville, Arkansas. Walmart maintains locations across the United States, including South Carolina. Its registered agent for South Carolina is listed as C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

3. At all times relevant to this action, Plaintiff was an employee of Defendant and Defendant was Plaintiff's employer pursuant to both 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §2000 et seq.

1

4. At all times relevant to this action, the Defendant was acting by and through its agents, servants, employees, and/or officers to include, but not limited to, those persons and/or individuals named in the Complaint. As such, the Defendant is liable for actions and omissions of said individuals acting in the course and scope of their official duties pursuant to federal law, state law, and common law.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

6. Venue is appropriate within this District because the causes of action alleged to have occurred in this Complaint occurred in the District and in this Division.

7. On or about January 4, 2024, Plaintiff filed a Charge of Discrimination against Walmart with the Equal Employment Opportunity Commission ("EEOC") for race discrimination harassment and retaliation under Title VII (415-2024-00612). Plaintiff received a Dismissal and Notice of Right to Sue Walmart from the EEOC on March 14, 2024. Thus, Plaintiff has exhausted his administrative remedies under the EEOC as to Defendant.

## RELEVANT FACTS

8. Plaintiff is an African-American and is currently a resident of Eutawville, South Carolina.

9. Plaintiff began working as a cashier for Defendant in May 2020 in Walmart Superstore number 2928 in Goose Creek, South Carolina. As such, she performed cashier duties.

2

10. Over the course of Plaintiff's employment, she worked with and under Team Leader, Jessica Corrigan (hereinafter "Corrigan"), who is Caucasian.

11. In or around the summer of 2023, Plaintiff was subject to harassment and discrimination based on her race by Corrigan.

12. In or around late June of 2023, Plaintiff suffered verbal condescension and threats from Corrigan.

13. In or around late June of 2023, Plaintiff made a complaint to two managers about Corrigan and Corrigan's treatment of Plaintiff. Specifically, Plaintiff asserted that Corrigan had created a hostile work environment and harassed Plaintiff due to Plaintiff's race. Following the complaint, Plaintiff's Direct Supervisor, Amanda, spoke with Plaintiff and attempted to remedy the situation by informing Corrigan that Plaintiff was to report directly to Amanda for any workplace needs. Additionally, Amanda allowed Plaintiff to work at a cash register next to other cashiers on the grocery side of the store as opposed to working the general merchandise cashier by herself as she had been doing.

14. On or about June 29, 2023, Corrigan approached Plaintiff and indicated that she needed to perform an audit. Although Plaintiff had been informed that the location had been suffering a large theft problem and that cashiers were required to pull their own tills and drop money at the end of each shift, Corrigan proceeded to pull Plaintiff's till and exclaim loudly in front of customers that she did not need Plaintiff with her when she took the till.

15. Despite what Plaintiff's coach had told her, Corrigan did not permit Plaintiff to accompany her with Plaintiff's till. As Corrigan was taking Plaintiff's till, Corrigan raised her

hands in Plaintiff's face in a threatening manner, shouting and berating Plaintiff in front of customers.

16.     Plaintiff asked Corrigan if they could call a coach or other store lead to the front in order to resolve the situation. However, Corrigan continued to yell at Plaintiff and called her, "a fucking little girl" in front of customers. Corrigan then proceeded to take the till by herself even though at least two people were always required to accompany the till.

17.     That same day, Plaintiff made a formal complaint to the Ethics Department regarding Corrigan's conduct, specifically alleging that Corrigan was harassing Plaintiff, subjecting her to a hostile work environment, and discriminating against her based on her race.

18.     Under Walmart's Attendance and Punctuality Policy, an associate who reaches 5 or more attendance points for absences not excused by an approved leave of absence or timely submitted available Protected Paid Time Off ("Protected PTO") are subject to immediate termination.

19.     As of June 29, 2023 when she made the complaint, Plaintiff had accumulated three points in the attendance occurrence totals.[1] Prior to voicing her complaints on June 29, 2023, Plaintiff had not received any warnings or counseling regarding her attendance.

20.     On or about August 28, 2023, and while Plaintiff's direct supervisor was temporarily out of work, Corrigan terminated Plaintiff's employment under the guise that Plaintiff had accumulated five points under the Attendance and Punctuality Policy points system.

---

[1] The report generated on or after July 29, 2023 attributed 3.5 points to Plaintiff but that total should have been reduced by 1 hour as Plaintiff had used Protected Paid Time Off for June 20, 2023.

21. This reasoning was, however, unsupported, clearly manufactured by Corrigan, and a mere pretext for discrimination and retaliation.

22. Two of the attendance points Walmart attributed to Plaintiff's attendance points were from four days in August. However, Plaintiff had applied and been approved for Protected PTO for all of those days. As evidenced by the Me@Walmart database, Plaintiff had "Approved" Protected Paid Time Off for August 19 (.5 hours), August 22 (.5 hours), August 23 (.5 hours), August 24 (.25 hours) and August 25 (.5 hours) of 2023.

23. Upon information and belief, the Protected PTO system will not allow employees to place requests for time off when there is not sufficient Protected PTO to cover the requests and will immediately disapprove the request. Plaintiff's requests for Protected PTO were allowed and approved.

24. Plaintiff had no other attendance issues during that time and therefore, had not accumulated the five points warranting discipline. Such application of Protected PTO was well within company policies and Plaintiff's right to retain her job. Corrigan ignored and or completely disregarded the Plaintiff's Protected PTO that had been applied in order to terminate Plaintiff's employment.

## FIRST CAUSE OF ACTION

**(Discrimination and Harassment Based on Race in Violation of 42 U.S.C. §1981, as amended)**

25. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

26. 42 U.S.C. §1981 provides as follows:

(a) Statement of equal rights

5

> *All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.*
>
> (b) "Make and enforce contracts" defined
> *For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.*
>
> (c) Protection against impairment
> *The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.*

27. 42 U.S.C. §1981 prohibits discrimination based on race in employment contracts and employment-at-will relationships.

28. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination against Plaintiff based on race in violation of 42 U.S.C. §1981.

29. Further, by the conduct described above, Defendant intentionally deprived Plaintiff the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of her employment relationship with Defendant, in violation of 42 U.S.C. §1981.

30. As a result of Defendant's discrimination in violation of 42 U.S.C. §1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling her to compensatory damages.

31. In unlawfully discriminating against Plaintiff, Defendant acted with malice or reckless indifference to Plaintiff's equal rights under the law, thereby entitling her to an award of punitive damages

32. Further, as a result of Defendant's above-described conduct and violations of 42 U.S.C. §1981, Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

**(Discrimination and Harassment Based on Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §2000 et seq,)**

33. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

34. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's race.

35. Furthermore, Defendant's illegal actions against Plaintiff were aimed at Plaintiff because of her race, resulting in adverse impacts to the terms and conditions of Plaintiff's employment and further subjecting Plaintiff to harassment and a hostile work environment.

36. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

37. At the time the above-described conduct occurred, and as a result of such conduct, Plaintiff believed her work environment to be hostile or abusive.

38. Defendant knew or should have known of the conduct of its employees toward Plaintiff and failed to take prompt, remedial action to stop the conduct.

39. As such, Defendant violated 42 U.S.C. §2000(e)-2(a) and discriminated against Plaintiff by not only subjecting her to sufficiently severe or pervasive harassment based on racial stereotypes so as to alter the conditions and terms of Plaintiff's employment, but also: failing to act and condoning or tolerating such harassment, subjecting Plaintiff to less favorable terms and conditions of employment.

40. In unlawfully discriminating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

41. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and she is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

42. Plaintiff is a member of a protected group based on her race. Plaintiff was discriminated against based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq*.), and the Equal Employment Opportunity Act.

43. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination under Title VII against Plaintiff based on race.

44. Furthermore, Defendant's illegal actions against Plaintiff were aimed at Plaintiff because of her race, resulting in adverse impacts to the terms and conditions of Plaintiff's employment and further subjecting Plaintiff to harassment and a hostile work environment.

45. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

46. Defendant knew or should have known of the conduct of its employees toward Plaintiff and failed to take prompt, remedial action to stop the conduct.

47. Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000 et seq.), by allowing the racial discrimination to exist in the workplace.

48. Plaintiff's race was the determining factor in the discrimination, mistreatment and harassment of the Plaintiff.

49. In unlawfully discriminating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

50. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and he is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

## THIRD CAUSE OF ACTION

**(Retaliation Based on Race in Violation of 42 U.S.C. §1981, as amended)**

51. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

52. By the above-described acts, Plaintiff engaged in activity protected by 42 U.S.C. §1981 on multiple occasions by reporting and harassment and discrimination based on race and a hostile work environment to her direct supervisors.

53. By the above-described acts, practices and omissions, Defendant engaged in unlawful retaliation against Plaintiff in violation of 42 U.S.C. §1981 when changing Plaintiff's working conditions in response to her protesting and complaining of the harassment.

54. In unlawfully retaliating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

55. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and she is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §1981.

**FOURTH CAUSE OF ACTION**

**(Retaliation Based on Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §2000 et seq**

56. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

57. By the above-described acts, Plaintiff engaged in activity protected by Title VII on multiple occasions by reporting and harassment and discrimination based on race and a hostile work environment to her direct supervisors.

58. By the above-described acts, practices and omissions, Defendant engaged in unlawful retaliation against Plaintiff in violation of Title VII, 42 U.S.C. 2000e-3(a) when changing Plaintiff's working conditions in response to her protesting and complaining of the harassment.

59.     In unlawfully retaliating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under the law, thereby necessitating the imposition of exemplary damages.

60.     As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment and inconvenience and she is entitled to general and special damages, and economic damages including front and back pay. Plaintiff is also entitled to and seeks her attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

**WHEREFORE**, Plaintiff Michele Miller prays for judgement against Defendant Walmart Associates, Inc. in a just and equitable sum of actual, compensatory and punitive damages, for the costs of this action including attorney's fees, and for such other and further relief as this Court may deem just and proper.

BRETT M. EHMAN
Attorney at Law

June 10, 2024                    /s/  Brett M. Ehman_____
                                 Brett M. Ehman
                                 Fed. Id. No. 12844
                                 S.C. Bar No.:  102443
                                 Attorney for Plaintiff
                                 2971 West Montague Avenue
                                 Suite 203
                                 North Charleston, SC  29418
                                 (843) 225-3607
                                 brett@ehmanlaw.com